■ ROBERT BOGEN, Respondent, v EDSON CONSTRUCTION CORP. et al., Appellants, and FIRST UNITARIAN CHURCH, Respondent. [670 NYS2d 775] —In an action to recover damages for personal injuries, the defendant Edson Construction Corp. appeals from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated March 13, 1997, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendant Rockledge Scaffolding, Inc., separately appeals from stated portions of the same order.

Ordered that the appeal by the defendant Rockledge Scaffolding, Inc., is dismissed, without costs or disbursements, for failure to timely perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the appeal by the defendant Edson Construction Corp., is dismissed as withdrawn, without costs or disbursements; and it is further,

Ordered that counsel for the respective parties are directed to show cause why an order should not be made and entered imposing such sanctions and/or costs, if any, against the parties and/or their counsel pursuant to 22 NYCRR 670.2 (g) as this Court may deem appropriate, by filing an original and four copies of their respective affirmations or affidavits on that issue in the office of the Clerk of this Court and serving one copy of the same on each other on or before May 13, 1998.

Section 670.2 (g) of the rules of this Court provides, in relevant part, that "[i]f a cause or the underlying action * * * is wholly or partially settled * * * the parties or their counsel shall immediately notify the court", and "[a]ny attorney or party who, without good cause shown, fails to comply with the requirements of this subdivision shall be subject to the imposition of such costs and/or sanctions as the court may direct" (22 NYCRR 670.2 [g]).

This action was settled in November 1997. However, the Court was not informed of the settlement until, or just before, the March 5, 1998, argument date. Therefore, sanctions may be warranted. Altman, J. P., Krausman, Florio and Luciano, JJ., concur.